**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:
CAPITAL CONTRACTING CO.,

    Debtor,
_____

CARL F. SCHIER, PLC,

    Appellant,

v.

KENNETH NATHAN, Trustee,

    Appellee.
_____/

Case No. 18-11227
HON. DENISE PAGE HOOD

## ORDER DENYING AND DISMISSING APPEAL

**I.    INTRODUCTION**

On February 22, 2018, the Trustee's Final Report and Account ("Final Report") was filed with the Bankruptcy Court. [Bankruptcy Docket Number (hereinafter "BDN") 155] On March 16, 2018, one day after the deadline for filing objections to the Final Report, Appellant Carl F. Schier, PLC ("Appellant") filed objections to the Final Report. [BDN 163] On April 2, 2018, after holding a hearing, the Bankruptcy Court determined that Appellant did not have standing to object to the Final Report. On April 3, 2018, the Bankruptcy Court overruled Appellant's objections and

approved the Final Report. [BDN 172]

On April 17, 2018, Appellant filed a Notice of Appeal of the April 3, 2018 Order, arguing: (1) that Appellant had standing to object to the Final Report; and (2) the Trustee did not fulfill his duties as set forth in the Bankruptcy Code ("Code"). Appellant filed its Brief on July 5, 2018, the Trustee filed a response, and Appellant filed a reply. A hearing on Appellant's appeal was scheduled to be held on September 19, 2018, but the Court has determined that oral argument is not necessary. For the reasons that follow, the Court denies and dismisses Appellant's appeal.

## II. BACKGROUND

Appellant is a law firm, and in 2011, Appellant began representing the Debtor (Capital Contracting Co.), which was a defendant in litigation filed by Longhorn Estates, LLC ("Longhorn") in Macomb County Circuit Court (the "Macomb County case"). On November 11, 2014, a judgment in excess of $5 million was entered in favor of Longhorn against Debtor. Debtor filed a motion for new trial and for judgment notwithstanding the verdict, then filed a Chapter 7 petition for bankruptcy because it could not satisfy the judgment awarded to Longhorn. Due to the pending bankruptcy proceedings, the Macomb County case was stayed and administratively closed on December 12, 2014, prior to Debtor's post-trial motions being heard or Debtor filing an appeal of the judgment in favor of Longhorn. Debtor then obtained

other legal counsel for its bankruptcy proceedings and other legal services.

In the bankruptcy proceeding, Appellant filed a claim as a creditor due to unpaid legal fees associated with representing Debtor ("Claim No. 26"), and the Trustee commenced a legal malpractice action against Appellant. In November 2017, Appellant and Debtor entered into a settlement agreement that: (a) contained a mutual release; (b) provided that Appellant would pay the Trustee $600,000; and (c) required Appellant to file a notice withdrawing Claim No. 26. The Bankruptcy Court approved the settlement agreement in an order entered December 1, 2017 [BDN 142], and Appellant filed a notice withdrawing Claim No. 26 on January 24, 2018. [BDN 151] The Trustee filed its Final Report with the Bankruptcy Court on February 22, 2018 [BDN 155], and Appellant filed objections on March 16, 2018. [BDN 163] After holding a hearing on April 2, 2018, the Bankruptcy Court determined that Appellant did not have standing to object to the Final Report. The Bankruptcy Court approved the Final Order on April 3, 2018. [BDN 172] Appellant then filed this appeal.

## III. ANALYSIS

Appellant contends that the Bankruptcy Court erred when it held that Appellant did not have standing to object to the Final Report. Appellant argues that, as counsel for Debtor, Appellant may appeal the judgment in favor of Longhorn in the Macomb County case and that the Trustee abdicated his responsibilities by failing to list

Debtor's right to appeal the judgment in the Macomb County case in the Final Report. Appellant seeks to appeal that judgment "alone as an aggrieved party" under M.C.R. 7.203(A). The Court is not persuaded by Appellant's argument, for several reasons.

First, Appellant has submitted no authority that would support his contention that Appellant – legal counsel for a defendant in state court litigation – is considered an "aggrieved party" under M.C.R. 7.203(A). Second, Appellant was not a "party" to the Macomb County case. Appellant was legal counsel for the defendant in the case. Third, whether or not Appellant was an "aggrieved party" in the Macomb County case is irrelevant to whether Appellant has any rights as an aggrieved party *vis a vis* Debtor's bankruptcy proceedings and the Final Report.[1]

Fourth, although Appellant filed Claim No. 26, it was withdrawn before the Final Report was filed. When Appellant withdrew Claim No. 26, Appellant abdicated any direct pecuniary (financial) interest in the outcome of Debtor's bankruptcy proceeding. It is well-established law that "[i]n order to have standing to appeal a

---

[1] Appellant cites a number of cases that are inapplicable to the instant proceedings. Appellant does not cite any cases involving legal counsel having standing to object or appeal, except one case where the legal counsel for a receiver had standing to appeal an order awarding less in fees than the legal counsel had requested. *See Abel v. Grossman Investment Co.*, 302 Mich.App. 232 (2013). As the order determined the amount of fees to which legal counsel was entitled, legal counsel clearly had a direct and immediate pecuniary interest to appeal. Many of the cases cited by Appellant have no bearing on bankruptcy proceedings, and none of them offer any support for Appellant's suggestion that Appellant had a direct and immediate pecuniary interest in the bankruptcy proceedings.

bankruptcy court order, an appellant must have been 'directly and adversely affected pecuniarily by the order.'" *Harker v. Troutman (In re Troutman Enterprises, Inc.)*, 286 F.3d 359, 364 (6th Cir. 2002) (citing *Fidelity Bank, Nat'l Ass'n v. M.M. Group, Inc.*, 77 F.3d 880, 882 (6th Cir. 1996)). "This principle is known as the "person aggrieved" doctrine, and it 'limits standing to persons with a financial stake in the bankruptcy court's order.'" *In re Sharkey*, 563 B.R. 655, 610 (Bankr. E.D. Mich. 2017) (quoting *Harker*, 286 F.3d at 364). "Generally, to have standing in a bankruptcy case, a person must have a pecuniary interest in the outcome of the bankruptcy proceeding." *Id.* (citation and internal quotation marks omitted).

As was recently recognized by this court, "[i]nterests that are 'remote and consequential rather than direct and immediate,' are 'insufficient to confer standing.'" *In re Packard Square, LLC*, Case No. 17-14089, at *6 (citing *Fidelity Bank*, 77 F.3d at 883). And, "the person aggrieved test for standing to appeal bankruptcy court decisions demands a higher causal nexus between the act and the injury, and the appellant must show that it was directly and adversely affected pecuniarily by the order from which an attempted appeal is taken." *Id.* at *7.

At all times, Debtor, not Appellant, had a direct and immediate interest in the outcome of Debtor's bankruptcy proceeding and the Macomb County case. Appellant's direct and immediate interest in the bankruptcy proceeding ceased when

5

Claim No. 26 was withdrawn. When Appellant withdrew Claim No. 26 weeks before the Final Report was filed, Appellant's interest in the bankruptcy proceeding became contingent, "remote and consequential," which was insufficient to confer standing on Appellant. *See In re Packard Square*, at *6; *Fidelity Bank*, 77 F.3d at 882. As Appellant was not directly and adversely affected pecuniarily by the Final Report or the Bankruptcy Court's order approving it, the Court finds that Appellant lacks standing to object to, or appeal, those rulings.

The Court holds that the Bankruptcy Court correctly concluded that Appellant lacked standing to object to the Final Report. Appellant's appeal is denied.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Appellant's Appeal is DENIED and DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Bankruptcy Court's Order is AFFIRMED.

IT IS ORDERED.

                                 S/Denise Page Hood
                                 Denise Page Hood
                                 Chief Judge, United States District Court

Dated: September 19, 2018


I hereby certify that a copy of the foregoing document was served upon counsel of

record on September 19, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry<br>Case Manager